FOLLETT, J.
The sole defense interposed to this action is that, under article 8 of the deed of trust above quoted, the owner of coupons cannot maintain an action at law to recover the amount *40 due on them. The bond contains an unconditional covenant to pay $1,000 30 years after its date; and the bond and coupons, an unconditional promise to pay the interest on the bond semiannually, on the 1st day of March and the 1st day of September in each year, at the rate of 6 per cent, per annum; and there is no hint in the bond or in the coupons that the owner may not, in case of default, maintain an action at law for the recovery of the principal or interest as it falls due. It is recited in the bond:.
“This bond is entitled to the benefits, and subject to the provisions, of the trust deed dated the first day of August, 1881, made by the company to Louis H. Meyer, trustee of the railroad and other property, rights, and franchises therein described, to secure this and other bonds of the company, to be issued thereunder as therein set forth, to an extent not exceeding $16,-000 average per mile, which trust deed also provides, in the several .cases of default as therein specifically stated, for the right in the trustee to exercise the power of entry thereby conferred, the right to declare the principal due, to sell in case of nonpayment of such principal, subject to the qualifications therein contained, to which trust deed reference is hereby made.”
The language, “which trust deed <also provides, in the several cases of default as therein specifically stated, for the right in the trustee to exercise the power of entry, thereby conferred, the right to declare the principal due, to sell in case of nonpayment of such principal, subject to the qualifications therein contained, to which trust deed reference is hereby made,” is not calculated to inform the purchaser of a bond that he cannot sue at law for defaulted interest, but informs him that in case of default the trustee may enter into possession, and sell the mortgaged property, as provided in tÍLe mortgage. This paragraph clearly indicates that the rights and powers of the trustee to enforce the trust deed are expressed therein, and are to be pursued as therein provided, but there is no intimation that the right of the bondholder to sue for the money which becomes due is denied or cut off by the trust deed. Undoubtedly, the bond and trust deed are to be construed together, but, in case there is any ambiguity in any of the provisions of the mortgage, such ambiguity must be construed against the corporation. It is an elementary rule for the construction of contracts that ambiguous phrases are to be taken most strongly against the covenantor, whose words they are. This rule is universally applied to contracts of insurance, and to instruments which are wholly devised by or in behalf of the covenantor, and it should be rigorously applied to the construction of trust deeds or mortgages, which purport to be designed for securing the payment of the bonds of the obligor. It is true that these deeds are matters of record, but the records are often in a state distant from the place at "which the bonds are sold, and the purchaser seldom has an opportunity of examining the terms of the instrument. Article 8 was evidently designed to prescribe the conditions authorizing the trustee or bondholder to enforce the trust deed, and the manner in which it might be enforced, for the purpose of collecting out of the mortgaged property the sums due and unpaid on-the bonds; and, reading the whole article together, it is not fairly capable of any other construction. As con-
*41 tended by the learned counsel for the appellant, the words, “any remedy at law or in equity for obtaining possession of, or procuring a sale of, the trust property hereby transferred,” qualify and govern all the other words of the first paragraph of the eighth article. The contention of the defendant would, in effect, exempt all of the property of the corporation, not covered by the mortgage, from liability to be taken in satisfaction of its bonded debt. It is not so stipulated in the trust deed, nor in the bonds, nor in the coupons. But, on broader grounds, we think the contention of the defendant ought not to prevail. As before stated, we concede that the bonds and trust deed are to be construed together, as forming the contract, in case they can be harmonized, but, in case the bonds and deed contain wholly inconsistent provisions, those contained in the bond must prevail over those contained in the deed. The provisions of the bond meet the eye of the purchaser, and are designed by the corporation to influence their sale, and they cannot be nullified by an inconsistent provision contained in the trust deed. As before stated, these bonds and coupons contain an absolute promise to pay definite sums on specific dates, which implies a right of action in case of failure; and, if the eighth article is capable of the construction contended for by the corporation, it is utterly inconsistent with the bond, which in that case must prevail. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.